LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and Class Members*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MARCO ANGUISACA,
*on behalf of himself, FLSA Collective Plaintiffs,*
*and Class Members*,

        Plaintiff,

    v.

TIRRENIO, INC.,
d/b/a SCARAMELLA'S RISTORANTE,
NILDE SCARAMELLA,
and VINCENZO SCARAMELLA,

        Defendants.

---

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff, MARCO ANGUISACA (hereinafter, "Plaintiff"), on behalf of himself, FLSA Collective Plaintiffs, and Class Members, by and through his undersigned attorneys, hereby files this Complaint against Defendants, TIRRENIO, INC. d/b/a SCARAMELLA'S RISTORANTE, NILDE SCARAMELLA, and VINCENZO SCARAMELLA (each individually, "Defendant" or, collectively, "Defendants"), and states as follows:

1

**INTRODUCTION**

1.   Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorneys' fees and costs.

2.   Plaintiff further alleges that, pursuant to the New York Labor Law, that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid spread of hours premium, (3) liquidated damages and statutory penalties and (4) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3.   This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiff and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4.   Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

**PARTIES**

5.   Plaintiff, MARCO ANGUISACA, is a resident of Fairfield County, Connecticut.

6.   Together, Defendants own and operate an Italian restaurant doing business under the trade name "Scaramella's Ristorante," located at 1 Southfield Avenue, Dobbs Ferry, NY 10522 ("Scaramella's" or the "Restaurant").

7.   Upon information and belief, Defendant, TIRRENIO, INC., is a domestic business corporation organized under the laws of New York, with an address for service of process and a principal place of business located at 1 Southfield Avenue, Dobbs Ferry, NY, 10522.

8.   Individual Defendant, NILDE SCARAMELLA is an owner and principal of Corporate Defendant. Defendant NILDE SCARAMELLA exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Defendant NILDE SCARAMELLA exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Defendant NILDE SCARAMELLA directly regarding any of the terms of their employment, and Defendant NILDE SCARAMELLA had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand employees for performing tasks improperly.

9.   Individual Defendant, VINCENZO SCARAMELLA is an owner and principal of Corporate Defendant. Defendant VINCENZO SCARAMELLA exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Defendant VINCENZO SCARAMELLA exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Defendant VINCENZO SCARAMELLA directly regarding any of the terms of their employment, and Defendant VINCENZO SCARAMELLA had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule,

3

compensation, or terminating or hiring such employees, and to reprimand employees for performing tasks improperly.

10. At all relevant times, TIRRENIO, INC. was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiff and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

12. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees (including but not limited to waiters, busboys, runners, servers, food preparers, cooks, line-cooks, bartenders and bar-backs) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper wages due to overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

4

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

16. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees (including but not limited to waiters, busboys, runners, servers, food preparers, cooks, line-cooks, bartenders and bar-backs) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

17. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

19. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay overtime compensation at the rate of one and one-half times the straight time hourly rate for all hours worked in excess of forty (40) each workweek, (ii) failing to pay spread of hours premium for each shift in excess of ten (10) hours, (iii) failing to provide proper wage statements per requirements of the New York Labor Law, and (iv) failing to provide proper wage and hour notices, at date of hiring and annually, per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

20. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

21. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small

in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)      Whether Defendants employed Class members within the meaning of the New York law;

(b)      What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c)      At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Class members for their work;

(d)      Whether Defendants properly notified Class members of their regular hourly rate and overtime rate;

(e)      Whether Defendants paid Class members the proper overtime compensation under the New York Labor Law;

(f)      Whether Defendants paid Class members spread of hours premium, as required under the New York Labor Law;

(g)      Whether Defendants provided proper wage statements to Class members per requirements of the New York Labor Law; and

(h)      Whether Defendants provided proper wage and hour notices to Class members, at date of hiring and annually, per requirements of the New York Labor Law.

## STATEMENT OF FACTS

24. On or about August 1, 2014, Plaintiff, MARCO ANGUISACA, was hired by Defendants to work as a cook at Defendants' Italian Restaurant, "Scaramella's," located at 1 Southfield Avenue, Dobbs Ferry, NY, 10522.

25. Plaintiff worked for Defendants until on or about August 14, 2016.

26. During Plaintiff's employment by Defendants, he regularly worked over forty (40) hours per week, and over ten (10) hours per day. Similarly, FLSA Collective Plaintiffs and Class

members were also required to work over forty (40) hours each workweek, and over ten (10) hours each day.

27. Specifically, throughout his employment by Defendants, Plaintiff worked six (6) days per week: 10:00 a.m. – 10:00 p.m. for four (4) days per week and 10:00 a.m. – 11:00 p.m. for two (2) days per week, for a total of approximately seventy-four (74) hours per week.

28. Throughout his employment by Defendants, Plaintiff received his compensation on a fixed salary basis, at a rate of $800 per week. Plaintiff received such compensation partly in check form and partly in cash. Specifically, Plaintiff received $275.00 in check form, and the remainder of his weekly fixed salary ($525.00) in cash form.

29. There was never any agreement that the fixed salary that Plaintiff received covered those overtime hours that he worked in excess of forty (40) each workweek. Throughout Plaintiff's employment by Defendants, Defendants willfully violated Plaintiff's rights by paying him on a fixed salary basis, in violation of the New York Labor Law because Plaintiff was a non-exempt employee who Defendants were required to compensate on an hourly basis.

30. Similarly, the other FLSA Collective Plaintiffs and Class Members were compensated by Defendants on fixed salary bases, even though FLSA Collective Plaintiffs and Class Members never agreed with Defendants that the fixed salaries that they received were inclusive of overtime premium for all hours in excess of forty (40) that they worked in each workweek.

31. Plaintiff regularly worked shifts in excess of ten (10) hours, but never received any spread of hours premium payments for working such shifts, as required under the New York Labor Law. Similarly, Class Members worked shifts in excess of ten (10) hours in duration, but never received any spread of hours premium payments for working such shifts.

9

32. The wage statements provided by Defendants to Plaintiff were fradulent at all times. They did not state the number of hours that Plaintiff worked, Plaintiff's hourly rate of pay, or the number of overtime hours that Plaintiff worked. Further, the wage statements provided to Plaintiff only stated that Plaintiff earned $275.00 per week, for which he received compensation in check form. The wage statements given to Plaintiff did not indicate, or reflect in any way the additional compensation of $525.00 per week that Plaintiff received in cash form from Defendants.

33. Similarly, Class Members received fraudulent wage statements that did not state the number of hours worked, the hourly rate of pay, the number of overtime hours worked, or the actual amount earned.

34. Plaintiff never received any wage and hour notices from the Scaramella's restaurant. Similarly, Class members never received any wage and hour notices from Defendants restaruant .

35. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and FLSA Collective Plaintiffs the FLSA overtime rate (of time and one-half) or the New York State  overtime rate (of time and one-half).

36. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other non-exempt employees.

37.  Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law.

38. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

39. Plaintiff retained Lee Litigation Group, PLLC to represent him and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Plaintiff realleges and reavers Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiff is a covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

42. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

43. Upon information and belief, at all relevant times, Defendant TIRRENIO, INC. had gross revenues in excess of $500,000.

44. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

45. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

46. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs

are in the possession and custody of the Defendants. Plaintiff and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

47. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

48. Defendants failed to properly disclose or apprise Plaintiff of their rights under the FLSA.

49. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

50. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages, plus an equal amount as liquidated damages.

51. Plaintiff is entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

52. Plaintiff realleges and reavers Paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

54. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

55. Defendants willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each workday that exceeded ten (10) or more hours.

56. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and other non-exempt employees, in violation of the New York Labor Law.

57. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

58. Defendants willfully violated Plaintiff's right by paying him on a salary basis, in violation of the New York Labor Law because Plaintiff is a non-exempt employee who must be paid on an hourly basis.

59. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime, unpaid "spread of hours" premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

i.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

13

   ii.      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

  iii.      An award of unpaid overtime compensation due under the FLSA and NYLL;

  iv.      An award of unpaid spread of hours due under the NYLL

   v.      An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

  vi.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the FLSA;

 vii.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the NYLL;

viii.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay spread of hours pursuant to the NYLL;

  ix.      An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

   x.      Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

  xi.      Designation of this action as a class action pursuant to F.R.C.P. 23;

 xii.      Designation of Plaintiff as Representative of the Class; and

xiii.      Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: October 19, 2016

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and Class Members*

By: ___*/s/ C.K. Lee*_____
        C.K. Lee (CL 4086)